NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRENTON POWELL, | ) | No. C 10-00806 JF (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| RANDY GROUNDS, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a California inmate currently incarcerated at the Correctional Training Facility in Soledad, seeks petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2008 denial of parole by the Board of Parole Hearings (the "Board"). Petitioner has paid the filing fee.

**STATEMENT**

Petitioner challenges the Board's denial of parole after a parole suitability hearing on November 4, 2008.[1] Petitioner filed habeas petitions in the state superior, appellate, and supreme courts, concluding his state judicial remedies with the state high court

---

[1] The facts of Petitioner's commitment offense were not stated in the petition.

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.10\Powell00806_osc-parole.wpd                        1

denying review on December 17, 2009.  Petitioner filed the instant federal habeas petition on February 25, 2010.

## DISCUSSION

**A.  Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.  Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges that the Board's decision denying parole violates due process because the Board "presented no evidence material or substantial to find petitioner unsuitable for parole."  (Pet. at 6.)  Petitioner alleges that the Board violated his protected liberty interest under the Fourteenth Amendment by failing to establish a parole release date.  (Id.)  Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## CONCLUSION

1.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of

1  the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
2  should not be granted.  Respondent shall file with the answer and serve on Petitioner a
3  copy of all portions of the state parole record that have been transcribed previously and
4  that are relevant to a determination of the issues presented by the petition.

5      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
6  with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the
7  answer.

8      3.   Respondent may file a motion to dismiss on procedural grounds in lieu of
9  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
10 Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
11 with the Court and serve on Respondent an opposition or statement of non-opposition
12 **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court
13 and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

14     4.   It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
15 that all communications with the Court must be served on respondent by mailing a true
16 copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
17 parties informed of any change of address by filing a separate paper captioned "Notice of
18 Change of Address."  He must comply with the Court's orders in a timely fashion.
19 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
20 to Federal Rule of Civil Procedure 41(b).

21     IT IS SO ORDERED.

22 DATED: __4/22/10_____    _____
23                                          JEREMY FOGEL
                                         United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.10\Powell000806_osc-parole.wpd        3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TRENTON POWELL,

        Petitioner,

v.

RANDY GROUNDS, Warden,

        Respondent.
_____/

Case Number: CV10-00806 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/30/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Trenton Powell D-33093
CTF-Central
P.O. Box 689
Y-229L
Soledad, CA 93960-0689

Dated: 4/30/10

                      Richard W. Wieking, Clerk